IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHRISTOPHER J. GARRETT,      )
                                     )
     Plaintiff,             )
                                     )
     v.                  )    CIVIL ACTION NO. 3:16-CV-558-MHT
                                     )
OFFICER CHRISTOPHER COCHRAN,  )
*et al.*,                          )
                                   )
     Defendants.        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Randolph County Jail located in Wedowee, Alabama, files this 42 U.S.C. § 1983 action complaining that he was subjected to excessive force during a stop and search and/or arrest. Named as defendants are Officer Christopher Cochran, the City of Roanoke, and the Roanoke Police Department. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the City of Roanoke and the Roanoke Police Department prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i-ii).[1]

### I. DISCUSSION

**A. The City of Roanoke**

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Roanoke liable. *See Monell v. Dept. of Soc.*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Servs.*, 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti*, 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government's policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell*, 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown*, 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Roanoke may be held liable.  Consequently, there is no legal basis on which Plaintiff's claims against this Defendant may proceed and the City of Roanoke is, therefore due to be dismissed.  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

**B. The Roanoke Police Department**

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns" such as police departments and drug task forces "lack[ ] the capacity to sue or be sued." *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010). Based on the

foregoing, the court concludes that the Roanoke Police Department is not a legal entity subject to suit and is, therefore, due to be dismissed. *Neitzke*, 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the City of Roanoke, Alabama, and the Roanoke Police Department be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-ii);

2.  The City of Roanoke, Alabama, and the Roanoke Police Department be DISMISSED as defendants to this complaint; and

3.  This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is

ORDERED that **on or before August 5, 2016**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of July, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge