IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. GARRETT,  )<br>                            )<br>     Plaintiff,           )<br>                            )<br>     v.                     )<br>                            )<br>OFFICER CHRISTOPHER         )<br>COCHRAN, et al.,           )<br>                            )<br>     Defendants.            ) | CIVIL ACTION NO.<br>3:16cv558-MHT<br>(WO) |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, who is incarcerated in the Randolph County Jail, filed this lawsuit complaining about being subjected to excessive force by defendant police officer Christopher Cochran. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's claims against defendants City of Roanoke and Roanoke Police Department be dismissed with prejudice. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the

magistrate judge's recommendation should be adopted, with one exception: the claim against the City should be dismissed without prejudice and with leave to amend.

A pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc); see also Carter v. HSBC Mortgage Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015) (explaining that Bank is controlling law for pro se plaintiffs). There are two caveats to this rule, in which leave to amend is not required: "(1) where the plaintiff has indicated that she does not wish to amend her complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile." Carter, 622 F. App'x at 786.

Plaintiff's claim against the City must be dismissed without prejudice and with leave to amend, because plaintiff potentially could allege a viable claim against the City if he were to allege sufficient facts to show that the City's policy, custom, or practice caused defendant Cochran's alleged unconstitutional treatment of plaintiff. In comparison, plaintiff's claim against the Roanoke Police Department cannot be cured. As a matter of law the Department is not subject to suit, as the Magistrate Judge explained, and no added factual allegations could change that legal determination.

An appropriate judgment will be entered.

DONE, this the 14th day of September, 2016.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**